UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: CV - _____

| | |
|---|---|
| Gregory A. Bjerk and<br>Donna A. Lundon,<br><br>    Plaintiffs,<br>v.<br><br>Academy Collection Services, Inc.,<br>and John Doe,<br><br>    Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal privacy by these Defendants in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Gregory A. Bjerk is a natural person who resides in the City of Mahnomen, County of Mahnomen, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and/or a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5. Plaintiff Donna A. Lundon is a natural person who resides in the City of Mahnomen, County of Mahnomen, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and/or a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

6. Defendant Academy Collection Services, Inc. (hereinafter "Defendant ACS") is a foreign corporation and a collection agency operating from an address of 10965 Decatur Rd, Philadelphia, Pennsylvania 19154 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant John Doe (hereinafter "Defendant Doe") is a natural person employed by Defendant Academy Collection Services, Inc. as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), but whose true name is not yet known.

## **FACTUAL ALLEGATIONS**

8.  Sometime in or around 2007, Plaintiff Lundon incurred a financial obligation that was primarily for personal, family or household purposes, that went into default for late payment, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a Target National Bank credit card in the approximate amount of $8,875.00, which was used by Plaintiffs to make personal purchases of food, clothing, and shelter-related items.

9.  Sometime thereafter Plaintiff Lundon's alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiffs.

### *Collection Call Threatening Rape*

10. On New Years Eve, December 31, 2007, Defendant Doe called Plaintiffs' home and left an answering machine message asking whether the Plaintiffs had ever been raped.

11. Defendant Doe then laughed in to the answering machine and hung up.

### *Plaintiffs' Reactions to Threat*

12. Upon hearing this message on their home answering machine, both Plaintiffs were shocked, horrified, scared, and extremely emotionally upset.

13. Plaintiff Lundon was alone at home with small children, in an extremely rural area of Northern Minnesota, when she first heard this answering machine message and was mortified by it.

14. This illegal collection call put both Plaintiffs in imminent fear of actual physical harm and threat of physical injury, and in fear for their three small children.

15. This illegal collection call by Defendant Doe caused Plaintiffs great emotional distress and harm.

16. This illegal collection call by Defendant Doe caused Plaintiffs to fear for their and their family's physical safety.

17. After listening to the message, Plaintiffs immediately called the local police department and reported the incident on the same day that the message was received.

18. The local police arrived on the evening of December 31, 2007, secured a copy of the tape recording, and filed a criminal investigative report.

19. Although Defendant Doe failed to disclose his name in the course of leaving this message, the caller ID unit on Plaintiffs' home telephone number showed "ACADEMY SRVC 215-992-3671 8:33A Dec31 #23."

20. The local police confirmed the telephone number showing on the message threatening rape belonged to Defendant ACS.

21. The local police later referred the matter to the county attorney for criminal prosecution of the unidentified collector employed by Defendant ACS, Defendant John Doe.

22. Plaintiffs feared then and now continue to fear for their safety and personal security in their home and elsewhere because of Defendants' outrageous threatening collection call.

23. Plaintiffs have and continue to fear that they themselves, or their small children, may be raped or sexually assaulted by Defendant Doe or others.

24. The above-described collection call made by Defendant Doe on this occasion was a harassing, oppressive, and abusive communication in an attempt to collect a consumer debt which violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692, 1692c(a)(1), 1692d, 1692d(1), 1692d(2), 1692d(6), 1692e, 1692e(5), 1692e(7), and 1692f, amongst others.

### *Defendant ACS Recently Penalized $2.25 Million by FTC*
### *Based Upon a Pattern and Practice of Consumer Collection Abuse*

25. On November 21, 2008 Defendant ACS and its owner, Mr. Keith Dickstein, agreed to pay $2.25 million to settle Federal Trade Commission charges that Defendant ACS and its collectors misled, threatened, and harassed consumers; disclosed their debts to third parties; and deposited postdated checks early, in violation of federal law. This is the largest civil penalty the FTC has ever obtained against a debt collector.

*See* http://www.ftc.gov/opa/2008/11/academy.shtm

26. In a government press release, Ms. Lydia Parnes, Director of the FTC's Bureau of Consumer Protection said of the civil penalty: "These defendants are responsible for their debt collectors' abusive practices. They ignored people's complaints and rewarded the collectors who broke the law. This is not a business model that the FTC tolerates." *Id.*

*Summary*

27. The above-detailed conduct by Defendants, of harassing Plaintiffs in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiffs' privacy by an intrusion upon seclusion.

28. Plaintiffs have suffered actual damages as a result of these illegal collection communications by these Defendants in the form of terror, anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive intrusions upon seclusion and their right to be let alone.

29. Defendants' negligent and/or intentional acts resulted in the violation of numerous provisions of state and federal law and resulted in actual damages to the Plaintiffs.

## *Respondeat Superior Liability*

30. All at times relevant herein, Defendant Doe was acting within the scope and course of his employment in collecting debts from Plaintiffs on behalf of his employer, Defendant ACS.

31. The acts and omissions of Defendant Doe and the others employed as agents by Defendant ACS who communicated with Plaintiffs as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant ACS.

32. The acts and omissions by Defendant Doe and these others were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant ACS in collecting consumer debts.

33. By committing these acts and omissions against Plaintiffs, Defendant Doe and these others were motivated to benefit their principal, Defendant ACS.

34. Defendant ACS is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by Defendant Doe and any others who participated in collecting this debt from Plaintiffs, including but not limited to their violations of the FDCPA and Minnesota tort law, in their attempts to collect this debt from Plaintiffs.

## TRIAL BY JURY

35. Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

36. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to each Plaintiff.

38. As a result of each and every Defendant's violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

39. Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

40. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

15 U.S.C. § 1692(a).

41. Congress further recognized a consumer's right to privacy in financial transactions in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a).

42. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns

or affairs of Plaintiffs, namely, threatening a sexual assault and thereby invading Plaintiffs' privacy and right to seclusion.

43. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiffs by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon each Plaintiff's right to privacy.

44. Plaintiffs had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

45. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiffs, resulted in an intrusion and invasion of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

46. As a result of such intrusion and invasion of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## COUNT III.

## NEGLIGENT SUPERVISION

47. Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

48. All at times relevant herein, Defendant Doe was acting within the scope and course of his employment in collecting debts from Plaintiffs on behalf of his employer, Defendant ACS.

49. Defendant ACS owed the Plaintiffs a duty in its supervision of its employees.

50. Defendant ACS was negligent in its supervision of its employees.

51. Defendant ACS failed to use reasonable care to supervise the activity of its employees.

52. The acts and omissions of Defendant ACS employees posed a threat of harm to the Plaintiffs or others.

53. Plaintiffs were harmed by Defendant ACS's negligent supervision of Defendant Doe and/or other employees.

54. Plaintiffs have been seriously damaged as a result and are entitled to their damages, costs and attorneys fees, resulting therefrom.

## COUNT IV.

## NEGLIGENT RETENTION

55. Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

56. All at times relevant herein, Defendant Doe was acting within the scope and course of his employment in collecting debts from Plaintiffs on behalf of his employer, Defendant ACS.

57. Defendant ACS owed a duty to the Plaintiffs.

58. Defendant ACS was negligent in its retention of its employees involved in the Plaintiffs' case.

59. Defendant ACS knew or should have known that the employees posed a threat of harm to others.

60. Defendant ACS failed to take reasonable action to ensure that its employees were appropriate for the jobs they were enlisted to do.

61. Plaintiffs were harmed by Defendant ACS' negligent retention of Defendant Doe and these other employees.

62. The Plaintiffs have been seriously damaged as a result and are entitled to their damages, costs and attorneys fees, resulting therefrom.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that judgment be entered against each and every Defendant:

# COUNT I.

# VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

# 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for each Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for each Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for each Plaintiff;

# COUNT II.

# INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages from each and every Defendant for the emotional distress suffered by Plaintiffs as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy, in an amount to be determined at trial and for each Plaintiff;

## COUNT III.

## NEGLIGENT SUPERVISION

- for an award of actual damages for Defendant ACS's negligent supervision of employees who handled Plaintiffs' collection matter, including Defendant Doe;

## COUNT III.

## NEGLIGENT RETENTION

- for an award of actual damages for Defendant ACS's negligent retention of employees who handled Plaintiffs' collection matter, including Defendant Doe;

- and for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: December 24, 2008     **BARRY & SLADE, LLC**

By:  **s/Peter F. Barry**
Peter F. Barry, Esq.
Attorney I.D.#0266577
2021 East Hennepin Avenue, Suite 195
Minneapolis, Minnesota 55413-2700
Telephone:  (612) 379-8800
Facsimile: (612) 379-8810
pbarry@lawpoint.com

pfb/ra     **Attorney for Plaintiff**